IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANGELA NAILS, | ) Civil No.: 3:15-cv-1031-JE |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION AND ORDER |
| v. | ) |
| WASHINGTON COUNTY CLERK OFFICE, | ) |
| Defendant. | ) |

Angela Nails
15406 Bellaire Ave.
Apt. M
Grandview, MO 64030

    Plaintiff *Pro Se*

JELDERKS, Magistrate Judge:

    Plaintiff Angela Nails brings this action against the Clerk's Office for the Circuit Court of the State of Oregon, Washington County. Plaintiff has applied to proceed *in forma pauperis* and has moved for the appointment of pro bono counsel.

    Plaintiff's application to proceed *in forma pauperis* is granted and her motion for appointment of counsel is denied. For the reasons set forth below, Plaintiff's Complaint should

FINDINGS AND RECOMMENDATION AND ORDER – 1

be dismissed, without service of process, for lack of subject matter jurisdiction and on the basis that it fails to state a claim upon which relief may be granted. See FRCP 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

**Background**

This Complaint is one of five that Plaintiff filed on the same day in this Court. Although mostly indecipherable, Plaintiff's action appears to be based on her allegations that Defendant mishandled the filing and docketing of various motions, answers and orders in a case or cases Plaintiff had pending in the Circuit Court for the State of Oregon, Washington County. She seeks $75,000 in damages.

**Discussion**

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act). In addition, under Federal Rule of Civil Procedure 8(a)(1), every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction...." However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

FINDINGS AND RECOMMENDATION AND ORDER – 2

Furthermore, Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." <u>See</u> <u>also</u> <u>Augustine v. United States</u>, 704 F.2d 1074, 1077 (9th Cir. 1983). A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. <u>See, e.g.</u>, <u>Cal. Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir. 1974). Jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1332.

As an initial matter, for basis of jurisdiction, Plaintiff has checked the box on page 2 of the Complaint form indicating federal question jurisdiction. While Plaintiff may have grounds for asserting federal question jurisdiction, those grounds are not articulated in Plaintiff's Complaint. Furthermore, although there is apparent diversity of citizenship, Plaintiff seeks exactly $75,000 in damages. Thus the amount in controversy fails to meet the jurisdictional threshold. <u>See</u> 28 U.S.C.§ 1332 (amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs). As a result, this court lacks subject matter jurisdiction in this case.

In any event, Plaintiff's claims are barred by Eleventh Amendment protections. The Eleventh Amendment generally bars actions brought in federal court seeking either damages or injuctive relief against a state, "an arm of the state," its instrumentalities, its agencies or its departments, absent a state's unequivocal consent. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Durning v. Citibank, N.A.</u>, 950 F.2d 1419, 1422–23 (9th Cir.1991). Although Plaintiff identifies the defendant as the "Washington County Clerk Office," her allegations indicate that she is attempting to state a claim against the Clerk's Office for the

FINDINGS AND RECOMMENDATION AND ORDER – 3

Circuit Court for the State of Oregon in Washington County. As an "arm of the state," the court is entitled to Eleventh Amendment immunity. To the extent Plaintiff could amend her Complaint to state a claim against a proper state employee, court clerks or administrators are entitled to absolute immunity from liability for damages when they perform tasks that are an integral part of the judicial process. <u>Mullis v. United States Bankruptcy Court</u>, 828 F.2d 1385, 1390 (9th Cir.1987). Consequently, Plaintiff's claim necessarily fails.

Plaintiff's action should be dismissed and, because it is apparent that the deficiencies of the Complaint cannot be cured by amendment, the dismissal should be with prejudice.

## Conclusion

For the reasons set out above, Plaintiff's application to proceed *in forma pauperis* [#1] is GRANTED. This action should be DISMISSED without service of process for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. A judgment should be entered dismissing this action with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 4, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of August, 2015.

                                                    /s/ John Jelderks
                                              John Jelderks
                                              U.S. Magistrate Judge